IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| SEAN ANTHONY ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 3:13CV58 |
| ) | |
| E.D. WILSON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 for Want of Jurisdiction)

Sean Anthony Robinson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition.[2] In his § 2241 Petition, Robinson challenges the sentence imposed by this Court. In a rambling submission, Robinson raises three claims:

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

[2] The United States Court of Appeals for the Fourth Circuit aptly summarized the circumstances of Robinson's conviction and sentence as follows:

A jury convicted Sean Robinson of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000) ("Count One"), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) ("Count Three"). The district court sentenced Robinson to 420 months' imprisonment on Count One and the

Claim One: "[T]he district court erred when it sentenced him based upon its findings regarding the quantity" of drugs not alleged in the indictment or submitted to the jury (§ 2241 Pet. 7–8);

Claim Two: The Fair Sentencing Act of 2010[3] creates a new mandatory minimum that should apply to Robinson's sentence (*id.* at 8); and,

Claim Three: Robinson is "actually innocent of having possessed a firearm after having been convicted of an offense punishable by a term of imprisonment exceeding one year." (*Id.*)

As explained below, under certain circumstances an inmate can challenge his or her conviction pursuant to 28 U.S.C. § 2241. Nevertheless, Robinson fails to demonstrate that he can satisfy the controlling test in the United States Court of Appeals for the Fourth Circuit to utilize 28 U.S.C. § 2241 to challenge his conviction. Accordingly, the action will be dismissed for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and

---

statutory maximum of 120 months' imprisonment on Count Three, both sentences to be served concurrently.

*United States v. Robinson*, 264 F. App'x. 328, 329 (4th Cir. 2008). Following the affirmance of his conviction and sentence by the Fourth Circuit and a denial of a writ of certiorari by the United States Supreme Court, *Robinson v. United States*, 553 U.S. 1101 (2008), the Court denied a 28 U.S.C. § 2255 motion filed by Robinson and the Fourth Circuit dismissed his appeal from that decision. *See United States v. Robinson*, 399 F. App'x 818, 819 (4th Cir. 2010).

[3] Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372.

2

Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[4]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[5] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered

---

[4] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[5] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Robinson's 28 U.S.C. § 2241 Petition

Robinson fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Robinson fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of

4

which Robinson stands convicted, distributing cocaine base and possession of a firearm by a convicted felon, remains a crime.[6] Because Robinson challenges only the validity of his sentence and not the legality of his underlying conviction in Claims One and Two, he cannot pursue such a challenge by a § 2241 petition. *See Wilson*, 2012 WL 1245671, at *3.

In Claim Three, Robinson claims that he lacked the necessary predicate offense for his firearm conviction as none of his prior felonies were "punishable by a term of imprisonment exceeding a year. (§ 2241 Pet. Attach. 31.) Therefore, Robinson contends he is "actually innocent" of the firearm conviction. (§ 2241 Pet. 8.) Robinson cites no relevant authority for that proposition.[7] Instead he states, "[t]he Court should review the record in this case and they will find no evidence of prior convictions that would qualify as predicate offenses . . . ." (§ 2241 Pet. Attach 31.) A review of Robinson's Presentence

---

[6] In Claims One and Two, Robinson seeks to proceed by § 2241 to challenge his sentence. Robinson fails to establish that he can utilize the savings clause and § 2241 to pursue alleged sentencing errors. "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333-34). For example, the Fourth Circuit has specifically refused to allow petitioners to utilize § 2241 to challenge their designation as a career offender. *See Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction . . . .").

[7] To the extent Robinson bases his argument on *United States v. Simmons*, 649 F.3d 237, 241 (4th Cir. 2011), which changed the parameters for determining whether certain North Carolina felony sentences are punishable by more than one year in prison for the purposes of enhancing federal sentences, *Simmons* is inapplicable to Robinson's case. Robinson was sentenced to three years on his prior felony conviction, thus he clearly possesses a previous felony conviction "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *compare Miller v. United States*, __ F.3d __, No. 13-6254, 2013 WL 44441547, *3–5 (4th Cir. Aug. 21, 2013), *with United States v. Thompson*, 480 F. App'x 201, 203–04 (4th Cir. 2012) (finding that defendant who "himself was subject to a term of imprisonment exceeding one year" despite receiving a suspended sentence, possesses a predicate offense).

Report demonstrates that Robinson possessed a prior Virginia felony conviction for possession with intent to distribute marijuana, for which he received a three year sentence, suspended on three years of good behavior. Robinson fails to demonstrate that he lacks a previous felony conviction "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Robinson fails to demonstrate entitlement to § 2241 relief. Accordingly, the action will be dismissed for want of jurisdiction.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 3, 2013
Richmond, Virginia

6